**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael E. Finck, | ) | No. CV 04-1761-PHX-MHM (JCG) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondent. | ) | |

Petitioner Michael E. Finck ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on August 23, 2004. (Dkt. #1). The matter was referred to Magistrate Judge Jennifer C. Guerin for Report and Recommendation ("R&R"). Magistrate Judge Guerin filed her R&R with this Court on August 28, 2007, recommending that the Court deny the Petition. (Dkt. #47). On January 14, 2008, Petitioner filed his objections to the R&R. (Dkt. #53). Respondents filed a Response to Petitioner's Objections to the R&R on January 16, 2008. (Dkt. #55).

**I.    BACKGROUND**

On September 5, 2000, Petitioner was convicted by jury of one count of Misconduct Involving a Weapon in the Maricopa County Superior Court and was sentenced to a presumptive term of ten years imprisonment. The Superior Court found that Petitioner had two prior felony convictions for which he was on probation when he committed the offense.

1  The Superior Court revoked Petitioner's probation, ordering him to serve concurrent,
2  presumptive sentences of 2.5 years for theft, 3.5 years for burglary, and 5 years for possession
3  of stolen property (ordered to run concurrently to the ten year sentence). On June 15, 2001,
4  Petitioner was re-sentenced, so that his presumptive ten year sentence would run
5  consecutively with the probationary revocation sentences. However on appeal, the Arizona
6  Court of Appeals reversed the Superior Court and reinstated the original sentence.

7  On April 9, 2002 Petitioner filed his first petition for post-conviction relief in the
8  Maricopa County Superior Court under Rule 32, Ariz. R. Crim. P. After being granted leave
9  to amend, Petitioner filed an amended petition on May 31, 2002, raising four claims: 1)
10 evidence obtained by an unconstitutional search and seizure was admitted at trial, 2) a coerced
11 confession was admitted at trial, 3) ineffective assistance of counsel for failing to interview
12 witnesses before trial, and 4) existence of newly-discovered evidence requiring the court to
13 grant a new trial. On September 25, 2002, the Superior Court issued a minute order entry
14 discussing and summarily dismissing the petition. Petitioner then filed a petition for review
15 in the Arizona Court of Appeals on October 18, 2002, challenging all four claims.

16 While the review was pending, Petitioner filed a second petition for post-conviction
17 relief on October 23, 2002, alleging ineffective assistance of appellate counsel for failing to
18 raise various issues on direct appeal. On November 25, 2002, the Superior Court dismissed
19 the second petition. Petitioner did not petition the Arizona Court of Appeals for review.

20 On January 17, 2003, Petitioner filed a third petition for post-conviction relief under
21 Rule 32, raising a newly-discovered evidence claim. The Superior Court dismissed the
22 petition on February 24, 2003. On March 26, 2003, Petitioner then filed a petition for review
23 and a motion to consolidate the petition with the petition pending review from the first post-
24 conviction proceeding. The motion to consolidate was granted and on October 20, 2003, the
25 Court of Appeals denied review.

26 Petitioner filed his Petition for Writ of Habeas Corpus in federal court on August 23,
27 2004. After being denied leave to amend, Petitioner was given leave to file a reply to

28

1  Respondents' Answer to his original Petition and he filed his reply on September 25, 2006.
2  Petitioner presented three claims for relief:
3      1.) Petitioner received ineffective assistance of counsel because his trial counsel failed
4          to interview any witnesses prior to trial
5      2.) Petitioner was deprived of his 14th Amendment due process rights because
6          evidence favorable to Petitioner was destroyed despite Petitioner's specific
7          request for preservation.
8      3.) A Maricopa Deputy County Attorney created and used a false document in
9          violation of the statutory laws of the United States of America.

## II. STANDARD OF REVIEW

The Court must review the Magistrate Judge's findings and recommendations *de novo* if an objection is made, but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), cert. denied, 540 U.S. 900. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## III. DISCUSSION

The Court has considered the pleadings and documents of record in this case and agrees with the Magistrate Judge's R&R, which finds that the Petition should be denied. In opposition to the Magistrate Judge's R&R, Petitioner had filed an objection to which this Court reviews *de novo*. Petitioner's objection primarily relates to his conditions of confinement as a state prisoner. Specifically, Petitioner claims that the Arizona Department of Corrections prevented "extensive generalized legal research," and thus prevented him from effectively asserting his claims. (Dkt. #53, p. 2). In addition, Petitioner fails to specifically object to any findings in the R&R. Upon review, the Court finds the Petitioner's arguments unpersuasive.

First, Petitioner cannot object to a lack of access to general legal research materials because habeas jurisdiction is lacking. A lack of access to legal materials is a condition of

1  confinement that derives from Petitioner's status as a prisoner of the state, and is actionable
2  as a civil rights claim. Bounds v. Smith, 430 U.S. 817, 828 (1977) (holding that the "right of
3  access to the courts requires prison authorities to assist inmates in the preparation and filing
4  of meaningful legal papers by providing prisoners with adequate law libraries"). Such a claim
5  must be raised under 42 U.S.C.A. § 1983 and not under 28 U.S.C. § 2254 because "habeas
6  jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison
7  condition will not necessarily shorten prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850,
8  859 (9th Cir. 2003).

9  Here, Petitioner requests the Court stay proceedings and appoint counsel, in order to
10 give a "reasonable opportunity to effectively assert Petitioner's legal claims in this action."
11 (Dkt. #53, p. 3). Petitioner does not challenge the "legality or duration" of his confinement
12 in his objection, but challenges his "conditions of confinement." Badea v. Cox, 931 F.2d 573,
13 574 (9th Cir. 1991) (stating that a habeas action under § 2254 is the proper means to challenge
14 the "legality or duration" of confinement, unlike a civil rights action under § 1983 which
15 challenges the "conditions of confinement"). Therefore, Petitioner may object to the lack of
16 access to "extensive generalized legal research" in the context of a civil rights action, but not
17 as a habeas action. (Dkt. #53, p. 2). See Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir.
18 1999) (dismissing habeas corpus applications without prejudice and allowing prisoners' to re-
19 file their claims as civil rights suits under § 1983 ).

20 Second, assuming Petitioner can even bring an access to court claim in a habeas
21 proceeding, Petitioner fails to show that he exhausted administrative remedies. Even though
22 the Supreme Court in Patsy v. Board of Regents of State of Fla., 457 U.S. 496 (1982),
23 precluded the requirement of general exhaustion of administrative remedies in § 1983
24 litigation, Congress has explicitly authorized special exhaustion requirements for state
25 prisoners. Woodford v. Ngo, 548 U.S. 81 (2006) (holding that under the Prison Litigation
26 Reform Act, prisoners must exhaust administrative remedies when bringing § 1983 action,
27 even if the "relief sought . . . cannot be granted by the administrative process"). Here,
28

- 4 -

1 Petitioner has failed to demonstrate or even contend that he has exhausted any available prison 2 administrative remedies. Therefore, similar to the sanction in a habeas action for failure to 3 exhaust remedies properly, Petitioner's objection is precluded from review in federal court.

4 Third, an access to court claim is likely to fail because Petitioner does not show that 5 he was actually denied access to the courts. "The Constitution does not require that prisoners 6 . . . be able to conduct generalized research, but only that they be able to present their 7 grievances to the courts-a more limited capability that can be produced by a much more 8 limited degree of legal assistance." Lewis v. Casey, 518 U.S. 343, 360 (1996). Because there 9 is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot 10 establish relevant actual injury simply by establishing that his prison's law library or legal 11 assistance program is subpar in some theoretical sense." Id. at 351. Here, Petitioner generally 12 alleges that he failed to "effectively assert his legal claims" because the Arizona Department 13 of Corrections ("ADC") enforced "a highly restrictive Inmate Legal Access system" that had 14 "no provision . . . for extensive generalized legal research." (Dkt. #53, p. 2). Petitioner fails 15 to identify how "the alleged shortcomings in the . . . legal assistance program hindered his 16 efforts to pursue a legal claim." Casey, 518 U.S. at 351.

17 Petitioner does contend that the ADC prohibited him from "receiving case law and 18 other legal resource material from resources outside of the [ADC]." (Dkt. #53, p. 2). In 19 support of his allegation Petitioner references a property sheet that shows that legal materials 20 were seized from his cell. (Dkt. 53-2, p. 30). However, those legal materials were designated 21 as contraband and confiscated in accordance with an ADC policy that precludes inmates from 22 possessing or storing other inmates' legal paperwork in their cell. (Dkt. 53-2, p. 8, 30). They 23 were not confiscated because they came from outside the prison.

24 When prison officials enforce prison regulations, there is a presumption of validity. 25 Shaw v. Murphy, 532 U.S. 223, 223 (2001). In Murphy, the Supreme Court upheld the 26 validity of prison rules prohibiting insolence and interference with due process hearings when 27 an inmate was punished for attempting to send another inmate a letter containing legal advice.

28

1 Id. The Supreme Court reasoned that the inmate's First Amendment rights were not violated
2 because some of a prisoner's constitutional rights are more limited when it conflicts with
3 prisoner regulations that are reasonably related to "legitimate penological interests." Id.
4 Here, Petitioner does nothing to show nor even argue that the ADC regulation is not
5 reasonably related to "legitimate penological objectives." Id. Therefore, Petitioner fails to
6 overcome the presumption that the prison officials acted within their broad discretion, and still
7 has not demonstrated that he has been unlawfully denied access to the courts.

8       Lastly, Petitioner fails to specifically object to any of the findings in the R&R. Under
9 28 U.S.C. § 636(b)(1)(c), "[a] judge of the court shall make a *de novo* determination of those
10 portions of the report or specified proposed findings or recommendations to which objection
11 is made." However, "[a] judge of the court may accept, reject, or modify, in whole or in part,
12 the findings or recommendations made by the magistrate judge." Id. Upon *de novo* review
13 of the pleadings and documents of record in this case, the Court agrees with and accepts the
14 analysis in the R&R.

15       The Court agrees that although all three of Petitioner's claims were technically
16 exhausted, claims two and three were procedurally defaulted. Petitioner is precluded from
17 obtaining relief per Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4
18 because "Petitioner did not present Ground 2 [or 3] in either his direct appeal or his Rule 32
19 petitions." (Dkt. #47, pp. 9, 11). Therefore, Petitioner "cannot raise those claims for the first
20 time in federal court." Id.

21       The Court also agrees that "Petitioner is not entitled to relief on the merits of Ground
22 I," the ineffective assistance of counsel claim. (Dkt. #47, p. 14). In applying the Strickland
23 test, Strickland v. Washington, 466 U.S. 668 (1984), the proposed testimony would likely
24 have been deemed inadmissible hearsay and even if admitted, it would not have changed the
25 verdict because the evidence against Petitioner was overwhelming. (Dkt. #47, p. 15).
26 Therefore, inaction by Petitioner's counsel was not prejudicial and the appropriate federal law
27 was reasonably applied.

28

1  Based on the above findings, the Court adopts Magistrate Judge Guerin's R&R and
2 denies the Petition.

3  **Accordingly,**

4  **IT IS HEREBY ORDERED** overruling the Petitioner's objections to the Magistrate
5 Judge's Report and Recommendation.  (Dkt. #53).

6  **IT IS FURTHER ORDERED** adopting the Report and Recommendation of the
7 Magistrate Judge.  (Dkt. #47).

8  **IT IS FURTHER ORDERED** dismissing Petitioner's Writ of Habeas Corpus filed
9 pursuant to **28 U.S.C §** 30$^t$ **2254** (Dkt. #1) and directing the Clerk's Office to close the case.

10  DATED this 27th day of June, 2008.

_____
Mary H. Murguia
United States District Judge

- 7 -